IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH PAPPAS,<br><br>Defendant. | Case No. CR12-0025<br><br>ORDER REGARDING PENDING MOTIONS |

This matter comes before the Court on the Request to Extend Deadlines (docket number 18) and the Motion to Suppress and Motion to Dismiss Indictment (docket number 19), both filed by the Defendant on May 31, 2012. The Government has not responded to either motion, and the time for doing so has not expired. Given the proximity to trial, however, the Court elects to rule on the motions without waiting for a response.

## RELEVANT FACTS

On April 18, 2012, Defendant Kenneth Pappas was charged by Indictment with two counts of sexual exploitation of a child and one count of possession of child pornography. At his initial appearance and arraignment on April 25, Defendant entered a plea of not guilty. Trial was scheduled before Chief Judge Linda R. Reade during the two-week period beginning on June 25, 2012.

The Criminal Trial Scheduling Order filed on April 25 provided, among other things, as follows:

> *Nontrial-Related Motions.* All motions referred to in Local Criminal Rule 12.a, including motions to suppress evidence, must be served and filed within **28 days** after the date of the first arraignment. *See* LCrR 12.a.

Criminal Trial Scheduling Order (docket number 10) at 2. Similarly, Local Criminal Rule 12.a provides that all "non-trial-related motions must be filed, given, or made within 28 days after the date of the defendant's first arraignment."

Because Defendant was arraigned on April 25, 2012, the deadline for filing nontrial-related motions was May 23, 2012. No motions were filed by the deadline. At the status hearing on May 30, Defendant's counsel advised the Court that he may be filing a motion to suppress or motion to dismiss later that day. The Court reminded counsel that the deadline for filing nontrial-related motions had expired one week earlier.

On May 30, following the status hearing, Defendant filed a Motion to File Pre-Trial Motions Out of Time (docket number 15) and a Motion to File Under Seal (docket number 16). The Motion to File Pre-Trial Motions Out of Time was not accompanied by a brief, and was denied by the Court for that reason. The second motion was then denied as moot. *See* Order Regarding Pending Motions (docket number 17).

On May 31, Defendant filed the instant motions. The request to extend deadlines is substantively identical to Defendant's prior motion to file pretrial motions out-of-time. Defendant asks that he be allowed to file a motion to suppress and to dismiss, notwithstanding the expiration of the deadline for doing so. The Government resists Defendant's motion.

## DISCUSSION

This time, Defendant attached a brief in support of his motion. Defendant notes that FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(C) states a motion to suppress evidence "must be raised before trial," and concedes that Rule 12(c) authorizes the Court to "set a deadline for the parties to make pretrial motions." Rule 12(e) states:

> A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.

FED. R. CRIM. P. 12(e).

2

In an effort to establish "good cause" for relief from the waiver, Defendant's brief states:

> The undersigned counsel shares a legal assistant, Barbara Boebel, with Mr. Clemens Erdahl. Ms. Boebel has been experiencing health problems and has frequently and justifiably been absent from work. Ms. Boebel entered a deadline for pretrial motions in this case, May 30, 2012 that transferred readily to the undersigned's calendar. However, no such non-trial motion deadline transferred. While the entry of electronic and redundant hard copy calendar deadlines for Mr. Erdahl within the office of Nidey Erdahl Tindal and Fisher PLC, is a streamlined process, that process has not been electronically streamlined for the undersigned counsel until this experience.

Defendant's Brief in Support of Motion to Extend Deadlines (docket number 18-1) at 2.

First, the Court notes that May 30 was not the deadline for filing nontrial-related motions *or* trial-related motions. As discussed above, the deadline for filing nontrial-related motions was May 23 (28 days following Defendant's arraignment). As set forth in the Criminal Trial Scheduling Order, the deadline for filing trial-related motions is June 11 (14 days before the commencement of trial).[1] Obviously, it is incumbent upon counsel to be familiar with the FEDERAL RULES OF CRIMINAL PROCEDURE, the Local Criminal Rules, and the criminal trial scheduling order.

Defendant's brief does not cite any cases in support of his argument that "good cause" exists to grant relief from his waiver of defenses. In fact, the Court notes that the two paragraphs making up the "applicable law" portion of Defendant's brief were lifted verbatim, without attribution, from the Report and Recommendation which I filed in *United States v. Davis*, 2011 WL 1743666 (N.D. Iowa) at *2-3. According to the Report and Recommendation, attorneys Clemens Erdahl and David Cmelik (Defendant's counsel here) appeared at the hearing on Davis' motion to suppress. In other words, after having his first motion denied for failing to file a brief, Defendant then filed a virtually identical

---

[1] *See* Criminal Trial Scheduling Order (docket number 10) at 2.

motion, accompanied by a brief where the only "applicable law" cited is two paragraphs which were taken from a prior ruling by the Court and included without change and without attribution. The Court finds this practice troubling, at best.

Turning back to the issue of "good cause," the Court finds none here. Attorney David Cmelik represented Defendant at the arraignment.[2] Cmelik was provided with a copy of the Criminal Trial Scheduling Order and, if he read it, knew that nontrial-related motions were due not later than 28 days later. While Cmelik attempts to deflect responsibility for properly noting the deadline on his calendar, the Court concludes that the explanation does not rise to the level of good cause. Moreover, Cmelik is charged with knowledge of the Local Rules of Criminal Procedure, which also state that nontrial-related motions are due not later than 28 days following the arraignment. Absent a showing of good cause, the deadline for filing a pretrial motion need not be extended. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011); *United States v. Trobee*, 551 F.3d 835 (8th Cir. 2009) (finding the district court did not abuse its discretion in refusing to consider a late-filed motion); *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006) (finding no good cause, even when private counsel was retained *after* the deadline for filing pretrial motions had expired).

In summary, the Court concludes that the excuse provided by Defendant in his brief does not rise to the level of "good cause" required by Rule 12(e). Accordingly, Defendant's request for relief from his waiver of defenses will be denied. The combined motion to suppress and motion to dismiss indictment, which were not timely filed and without the Court's permission, will be stricken.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Request to Extend Deadlines (docket number 18) filed by Defendant is **DENIED**.

---

[2] Cmelik is privately retained.

2. The Motion to Suppress and Motion to Dismiss Indictment (docket number 19) filed by Defendant is **STRICKEN**.

DATED this 1st day of June, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA